UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

FILED

2007 APR -2 PM 2: 34

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

RAFAEL ORTA,

    Plaintiff,

v.

WEST GABLES MANAGEMENT CORP., a
Florida Corporation and LUIS CRUZ,
Individually,

    Defendants.

_____/

CASE NO.:

6:07-CV-571-Orl-31JGG

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, RAFAEL ORTA ("Plaintiff"), was an employee of Defendant, WEST GABLES MANAGEMENT CORP. ("WEST GABLES"), a Florida Corporation and LUIS CRUZ, individually (collectively "Defendants"), and brings this action for overtime compensation, minimum wages, breach of oral agreement, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a maintenance technician and performed related activities for Defendant in, among others, Brevard County, Florida.

2. Defendant, WEST GABLES, is a Florida corporation that operates and conducts business in, among others, Brevard County, Florida, and is therefore, within the jurisdiction of the Court.

3. At all times relevant to this action, LUIS CRUZ was an individual resident of the State of Florida, who owned and operated WEST GABLES and who regularly exercised the authority to: (a) hire and fire employees of WEST GABLES; (b) determine the work

schedules for the employees of WEST GABLES; and (c) control the finances and operations of WEST GABLES. By virtue of having regularly exercised that authority on behalf of WEST GABLES, LUIS CRUZ is an employer as defined by 29 U.S.C. 201 *et. seq.*

4. This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, breach of oral agreement, liquidated damages, and reasonable attorneys' fees and costs.

5. At all material times relevant to this action, Defendants were enterprises covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s). Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants.

6. At all times relevant to his action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked in excess of forty (40) within a work week and to ensure that Plaintiff was paid at the minimum wage for each hour worked within a work week.

7. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours per week during one or more weeks.

8. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

9. Plaintiff re-incorporates and re-adopts all allegations contained within

Paragraphs 1-8 above.

10. Plaintiff is/was entitled to receive proper payment of time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week. During his employment with Defendant, Plaintiff worked overtime hours but was not properly compensated for same.

11. As a result of Defendant's intentional, willful and unlawful acts by refusing to properly pay Plaintiff his regular rate of pay for each hour worked in one or more weeks of employment with Defendant, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

12. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, RAFAEL ORTA, demands judgment against Defendant for payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES

14. Plaintiff re-incorporates and re-adopts all allegations contained within Paragraphs 1-8 above.

15. Plaintiff is/was entitled to be paid minimum wage for each hour he worked during his employment with Defendant.

3

16. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate them for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

17. Defendants willfully failed to pay Plaintiff's minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

18. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

19. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, RAFAEL ORTA, demands judgment against Defendants, jointly and severally, for the payment compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III- BREACH OF ORAL AGREEMENT

20. Plaintiff re-incorporates and re-adopts all allegations contained within Paragraphs 1-8 above.

21. During the period of employment of Plaintiff, Defendants orally agreed to pay Plaintiff an hourly rate for each hour worked within a work week.

22. Plaintiff agreed to these terms and conditions.

23. Notwithstanding this agreement, Defendants failed to pay Plaintiff the owed wages as agreed, thereby breaching the agreement between the parties.

4

24. As a result of Defendants' actions, they have breached their oral Agreement with Plaintiff and Plaintiff seeks to recover his damages as a result.

25. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages;

2. For pre-judgment interest;

3. For post-judgment interest;

4. For costs of suit; and

5. For an award of attorneys' fees under Florida Statutes 448.108 as to all unpaid wages claims; and

6. Such other and further relief as the Court deems just and proper.

DATED this 12th day of March 2007.

MORGAN & MORGAN
Attorneys for Plaintiff
284 South University Drive
Fort Lauderdale, Fl. 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: Janet@cellerlegal.com

Janet Peralta Ochoa, Esq.
FL Bar No. 0119717