UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAFAEL ORTA, on his own behalf and others similarly situation,

Plaintiff,

-vs- Case No. 6:07-cv-571-Orl-31GJK

WEST GABLES MANAGEMENT CORP., a Florida corporation and LUIS CRUZ, individually,

Defendants.

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| MOTION: | MOTION TO DISMISS COMPLAINT FOR FAILURE TO TIMELY SERVE PROCESS AND ALTERNATIVE MOTION TO SET ASIDE CLERK'S DEFAULT (Doc. No. 14) |
|---|---|
| FILED: | December 21, 2007 |

Defendants, West Gables Management Corp. and Luis Cruz (collectively "Defendants"), filed the instant motion requesting that the Court either dismiss Plaintiff Rafael Orta's complaint pursuant to Federal Rule of Civil Procedure 4(m), or, in the alternative, set aside the Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(c). After reviewing the pleadings, the

Court recommends that the Complaint not be dismissed and the Clerk's Entry of Default be set aside.

I.  ANALYSIS

Fed.R.Civ.P. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"Good cause" under Rule 4(m) exists only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevent service. *See, Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991) (discussing "good cause" under former Rule 4(j)), superseded in part by rule as stated in *Horenkamp v. Van Winkle and Co., Inc.,* 402 F.3d 1129, 1132 n. 2 (11th Cir.2005)).

Rule 4(m) also grants discretion to the district court to extend the time for service of process even in the absence of a showing of "good cause." *Horenkamp,* 402 F.3d at 1132 (11th Cir.2005). Examples of when relief may be justified in the absence of good cause are "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* (*citing* Fed.R.Civ.P. 4(m), Advisory Committee Note. 1993 Amendments). The running of the statute of limitations, however, does not mandate an extension of time for service of process. *Id.* at 1133. A district court's dismissal of a complaint for failure to timely serve the summons and complaint is reviewed for abuse of discretion. *Id.* at

1132-33; *Brown v. Nichols*, 8 F.3d 770, 775 (11th Cir.1993) (holding such in the context of former Fed.R.Civ.P. 4(j), which was replaced by current Rule 4(m)).

Plaintiff did not achieve service on the Defendants until 128 days after the complaint was filed, violating Rule 4(m) by eight days. *See* Doc. Nos. 1, 8, 9. The Plaintiff filed an opposition to the present motion which indicates that the Plaintiff's server had difficulty serving the Defendants due to the relocation and change in name of West Gables Management Corporation. Doc. No. 15. The returns of service (Docket Nos. 8 and 9), as well as the affidavit of the process server (Docket No. 12-4), substantiate Plaintiff's representations. Accordingly, the Court finds good cause to grant an extension for obtaining service of process, *nunc pro tunc*, which effectuates timely service of process on the Defendants.

Alternatively, the Defendants request that the Clerk's Entry of Default (Docket No. 13) be set aside. Pursuant to Rule 55(c) of the Federal Rules, the court may set aside an entry of default "[f]or good cause shown." To this end, the Defendants argue that Plaintiff did not effectuate proper service on Luis Cruz and West Gables as required by Federal Rule of Civil Procedure 4.

Rules 4(d) and (e) of the Federal Rules of Civil Procedure provide that service of process of the summons and complaint may be made: (1) by mailing a copy of the summons and complaint to the individual defendant with a notice and request for waiver; (2) pursuant to state law in which the district court is located or in which service is effected; (3) by delivering a copy of the summons and complaint to the individual defendant personally; (4) by leaving a copy of the summons and complaint at the individual defendant's dwelling house or usual place of abode with some person

of suitable age and discretion then residing therein; or (5) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

The district court is located in Florida. Florida law provides that individuals may be served by delivering a copy of the summons and complaint: (1) to the person named; (2) to the individual's usual place of abode with any person residing therein who is age 15 or older and informing that person of the contents; (3) on the spouse; (4) or on an authorized agent. Fla. Stat. §§ 48.031, 48.151.

Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on a corporation by: (1) delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or (2) in the manner prescribed by subdivision e(1), which allows for service pursuant to state law in which the district court is located or in which service is effected.

Docket numbers 8 and 9 reveal that the Summons and Complaint were served at the office address of 3233 Palm Avenue, 4th Floor, Hialeah, Florida. However, the process server did not fill out the Return of Service indicating how service was achieved. Therefore, the Court finds good cause exists to set aside the Clerk's Entry of Default.

For the reasons stated above, it is therefore

**RECOMMENDED** that the Motion to Dismiss Complaint for Failure to Timely Serve Process and Alternative Motion to Set Aside Clerk's Default (Doc. No. 14) be **GRANTED** in part and **DENIED** in part.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 22, 2008.

```
                                    /s/ Gregory J. Kelly
                                    Gregory J. Kelly
                                    United States Magistrate Judge
```